UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-CR-00299-MTS-5 |
| | ) | |
| SITAL SINGH, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SITAL SINGH'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE**

COMES NOW Sital Singh, through counsel, hereby respectfully submits this Sentencing Memorandum for the Court's consideration pursuant to 18 U.S.C. § 3553(a). Mr. Singh has pled guilty to Count One – Conspiracy to Commit Wire Fraud. He accepts full responsibility for his conduct and entered a timely guilty plea, thereby conserving judicial resources and demonstrating acceptance of responsibility. This memorandum is not about justifying Mr. Singh's conduct, but about presenting the facts surrounding the circumstances and asking the Court to consider the full picture of who Mr. Singh is and his potential for rehabilitation. Upon review of this information, the defense respectfully requests a downward variance to a sentence of probation, which is appropriate and consistent with the purposes of federal sentencing. This case is about more than just the charge; it's about understanding how a good person could make a terrible mistake. In support of this request, Mr. Singh asks the Court to consider the following mitigating factors:

## I. Offense Conduct

As outlined in the plea agreement, beginning on or around February 2024 and ending on or around June 2024, Mr. Singh participated in an elderly financial fraud scheme primarily organized by others, including co-defendants identified as Dariona Lambert ("Lambert"), Zhamoniq Stevens ("Stevens"), Chintankumar Parekh ("Parekh"), and Mehulkumar Darji ("Darji"). Mr. Singh was not the architect of the operation; his role was limited to arranging courier transportation to drop-off locations. While Mr. Singh aided in facilitating the wire fraud scheme, his role and contributions were very limited relative to the overall scheme.

While the scope of the scheme was extensive, Mr. Singh was not its originator or chief organizer. His actions were directed by higher-level participants who controlled access to materials and finances and who dictated the logistics.

Mr. Singh understands the seriousness of this offense, but it must be emphasized that he did not organize the wire fraud scheme, nor did he personally access or manage the financials of the scheme. Mr. Singh was solely responsible for the transportation of couriers, who bore greater responsibility under the scheme.

## II. Applicable Sentencing Law

Under *United States v. Booker*, 543 U.S. 220 (2005), this Court must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a). The relevant factors include: 1) The nature and circumstances of the offense; 2) The history and characteristics of the defendant; 3) The need for the sentence to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence.

**III. Application of § 3553(a) Factors**

**A. History and Characteristics of the Defendant**

Mr. Singh is not a career criminal and has no prior felony convictions. Mr. Singh is a father, a son, and a brother who made the worst mistake of his life, but who has also shown genuine remorse and is committed to making amends. Mr. Singh is an immigrant who came to the United States in pursuit of a better quality of life. He immigrated from India, where his mother still resides. Mr. Singh's father also resided in India until he passed away after suffering a heart attack in 2014. Mr. Singh also has three siblings who reside in New Jersey and Germany. He maintains regular contact with both his mother and his siblings. Upon immigrating to the United States when he was twelve age 12, Mr. Singh lived with his uncle and extended family in New Jersey while attending school. During tenth grade, Mr. Singh dropped out of school in order to obtain employment to help provide for his family financially. Mr. Singh met his wife in New Jersey and started a family with her; they have three children together, ages nineteen, thirteen, and nine. Mr. Singh's world revolves around his family. Many of Mr. Singh's friends and family describe him as a compassionate and generous man who volunteers in his community, assisting with the distribution of meals to those in need. Several of Mr. Singh's friends and family can attest to his hardworking nature and that he is the sole provider for not only his wife and children, but also for his paralyzed mother. Mr. Singh's wife can attest to how his employment supports their family for the basic necessities such as housing, healthcare, and food, and how it also supports the well-being of his widowed mother who resides in India. Mr. Singh's devotion to his family ultimately drives his motivation to be a responsible and productive member of society.

Before his arrest, Mr. Singh maintained consistent employment and supported his family

financially. As previously stated, Mr. Singh has no criminal history and made a major mistake in attempting to provide for his family. He wants to better himself while taking accountability for his mistakes, and he looks forward to becoming a productive member of society once again. Mr. Singh has expressed an interest in mechanical and electrical engineering education to aid in his rehabilitation and reintegration back into society. Mr. Singh also entered a plea agreement conserving judicial resources and taking responsibility for his participation in the wire fraud scheme. These steps reflect not just remorse, but a deliberate effort to ensure that his return to society will be marked by productivity and integrity, rather than a repetition of past mistakes. In *Pepper v. United States*, 562 U.S. 476, 490 (2011), the Supreme Court recognized that post-offense rehabilitation is a valid consideration under § 3553(a). The true measure of rehabilitation lies not only in remorse but in the support and faith of those who know the defendant best. His family, though deeply affected by his wrongdoing, continues to stand beside him—believing wholeheartedly in his willingness to make amends and his potential to rebuild his life with honesty and purpose. Their steadfast presence underscores that Mr. Singh has dedicated himself to personal development, has strengthened his faith, and has demonstrated both accountability for his actions and a deep respect for the legal process.

**B. Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment**

Mr. Singh understands the gravity of his actions and the harm caused. He has agreed to restitution and forfeiture, demonstrating his willingness to take responsibility and make amends. When the consequences of a person's actions are discussed, we often focus on the tangible – restitution, forfeiture, incarceration. But what we don't always see or appreciate is the invisible

weight that a person carries when they realize the full impact of their mistakes. For Mr. Singh, this case has been more than a legal battle; it has been a personal reckoning.

Since his arrest, Mr. Singh has carried the heavy guilt of knowing that his actions not only harmed the identified victims in this case but also his own family, who have continued to stand behind him, despite their disappointment. The consequences he has faced and is continuing to face have been profound, losing his reputation, financial stability, and sense of self-worth. However, Mr. Singh has stood tall through all of the challenges and has never tried to deflect blame. This experience has forced him to confront his mistakes in straying from the values instilled by his family, and to turn his immense remorse into purpose. Rather than give in to the fear or despair, Mr. Singh has chosen to use this failure as a catalyst to rebuild his life and prove through it all that he is more than his worst decision. His suffering does not excuse his actions; rather, it stands as evidence of his accountability and determination to make amends.

We ask this Court to consider the full impact of this case on Mr. Singh's life – not just the legal consequences, but the personal ones. Post-offense rehabilitation should be the aim of this Court, and a sentence to a term of probation would satisfy this objective. Mr. Singh has acknowledged the harm caused and accepted the consequences. The collateral consequences of his conviction—loss of reputation, financial instability, and future employment limitations— already constitute significant punishment. The goal of sentencing is not to maximize incarceration, but to impose a sanction proportionate to both the offense and the individual. See *Gall v. United States*, 552 U.S. 38, 50 (2007). A sentence of a term of probation would hold him accountable for his actions, while also encouraging and permitting him to continue his journey of redemption.

**C. Deterrence and Protection of the Public**

Specific deterrence has already been effectively achieved in this case. Mr. Singh has been under pretrial release conditions for 15 months and shown he can be compliant and improve as a law-abiding, productive member of society. There is no indication that he presents any ongoing risk to the community; rather, the evidence suggests that he has learned from this experience and has redirected his focus toward constructive personal and professional goals.

With respect to general deterrence, the objectives of sentencing have also been met. The imposition of a felony conviction alone carries profound and lasting consequences—socially, professionally, and personally. In addition, the burdens of restitution and forfeiture serve as concrete reminders that unlawful conduct yields severe and enduring penalties. Together, these outcomes send a clear and resonant message to others that similar actions will not be tolerated and will be met with significant legal and financial repercussions. In this way, both specific and general deterrence have been fulfilled, supporting the view that further punitive measures would serve little additional purpose

**IV. Restitution and Rehabilitation**

Mr. Singh has accepted full financial responsibility for his actions. He recognizes the gravity of this obligation—not only as a legal requirement but as a moral duty to make amends for the harm caused. He understands that the burden of restitution will continue well beyond the resolution of this case and has expressed a firm intention to fulfill these obligations to the best of

his ability. Mr. Singh is committed to making consistent payments in accordance with his capacity to earn income upon his reintegration into the community. His willingness to confront these financial consequences demonstrates accountability and a genuine desire to restore, in whatever way possible, the trust that has been lost.

## V. Conclusion

Sital Singh is not the person this crime might suggest. He is a man who made a grave mistake but has shown genuine remorse and a desire to change. He is neither a career criminal nor is he a mastermind of the conspiracy. Those who know him best would describe not a manipulative schemer, but a man who is more than capable of better judgment – one who has learned from his past failures. His family's letters to the Court reflect the full reality of the case: disappointment in his choices, yet unwavering belief in his capacity for good. Their continued presence and candor demonstrate not blind loyalty, but confidence in his ability to learn from this experience and rebuild trust through his actions moving forward. Mr. Singh is committed to rebuilding his reputation and returning to his role as a provider for his family.

WHEREFORE, taking into account the factors set forth in 18 U.S.C. 3553(a), Mr. Singh respectfully requests that the Court vary downward and impose a sentence of a period of probation. This sentence is appropriate and would adequately take into account his role, his lack of criminal history, and the collateral consequences of this felony. Such a sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing.

Respectfully Submitted,

/s/        Mick Henderson
A. Mick Henderson, #62163MO
Henderson Law Group, P.C.
6 Cardinal Way, Suite 900
St. Louis, MO 63102
Phone: (314) 645-4400
Fax:    (314) 754-9451
mick@stlcriminaldefense.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 5th day March, 2026 to be served by the operation of the Court's electronic filing system upon the parties of record.